NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Civil Action No. 12-5690 (ES) |
| v. | **OPINION** |
| **$144,650 IN UNITED STATES CURRENCY** | |
| Defendant <u>in</u> <u>rem</u>. | |

**SALAS, District Judge**

**I.  Introduction**

This matter comes before the Court on Plaintiff the United States of America's motion to strike the answer of would-be claimant Bradford Lee Carper and motion to enter default judgment pursuant to Fed. R. Civ. P. Supp. A(1)(B), A(2), G(8)(c) and Fed. R. Civ. P. 55(a). (D.E. No. 6).

The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, this Court GRANTS the motion to strike the answer and construes the motion for entry of default judgment as a motion for entry of default. Thus, the Court will direct the Clerk to enter default against would-be claimant Carper.

**II. Jurisdiction**

This Court has jurisdiction over this action commenced by the United States of America pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b)(1).

**III. Factual Background and Procedural History[1]**

Plaintiff United States of America ("Plaintiff") brings this action to forfeit and condemn a total of $144,650 in United States currency ("Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6). Would-be claimant, Bradford Lee Carper ("Carper" or "Claimant") contests the forfeiture of this asset.

On or about April 12, 2012, at approximately 5:15 p.m., Transportation and Security Officers at Newark Liberty International Airport contacted agents from the Drug Enforcement Administration ("DEA") and advised them that they had recovered a large sum of United States currency from a passenger traveling to Los Angeles, California. (D.E. No. 1, Complaint ("Compl.") ¶ 7). The DEA agents requested identification and received a California driver's license in the name of "Brad Lee Carper" whose address was 3132 H. Street, Sacramento, California. (*Id.* ¶ 8). Plaintiff alleges that Carper told the DEA agents that he was an investor and that he was trying to buy depressed real estate in the Syracuse area. (*Id.* ¶ 10). When questioned as to how much money he had in his possession, he responded that he had around $150,000 but was unsure of the exact amount. (*Id.* ¶ 11). The DEA agent asked to see the Defendant Currency, to which Carper agreed, and the agent observed six bundles of cash composed of mixed denominations, bound by a rubber band. (*Id.* ¶ 18). At that time, the agent asked if he could request a canine check to which Carper allegedly agreed to. (*Id.*).

---

[1] Unless otherwise indicated, the facts set forth here are drawn from the Complaint.

At approximately, 5:55 p.m. police officers arrived with a narcotics canine and the narcotics canine alerted law enforcement to the presence of narcotics in the bag containing the Defendant Currency. (*Id.* ¶ 19). The agents informed Carper that the Defendant Currency was going to be seized by the DEA. (*Id.* ¶ 33). The agents then placed the $144,650 in United States currency in the DEA's possession at Newark Liberty International Airport, Elizabeth, New Jersey. (*Id.* ¶ 2). The Defendant Currency is currently in the custody of the U.S. Marshal's service. (*Id.*).

On September 12, 2012, within the 90 day period prescribed by 18 U.S.C. § 983(a)(3)(A), the U.S. filed a Verified Complaint for Forfeiture *In Rem* and Warrant for Arrest *In Rem*. (D.E. No. 1). Plaintiff filed the Notice of Forfeiture on September 19, 2012, stating that a claimant is required to file and serve a conforming claim on or before October 24, 2012. (D.E. No. 3). Plaintiff mailed the Notice of Forfeiture on September 19, 2012 to Mr. Gerald M. Saluti, Esq., in his capacity as agent for Claimant, by certified mail, return receipt requested and Mr. Saluti received the notice on September 20, 2012. (D.E. No. 11, Pl. Rep. Br., Ex. A, Transmittal Letter & Return Receipt).

On November 21, 2012, Claimant filed with this Court and served upon the Plaintiff a filing entitled "Verified Claim and Answer." (D.E. No. 5, Verified Claim and Answer Request for Jury Trial ("Claim")). Plaintiff then filed the instant motion to strike the answer of Claimant and for the entry of default judgment. (D.E. No. 1).

**IV.   Analysis**

Plaintiff moves to strike Claimant's Answer pursuant to Fed. R. Civ. P. Supp. G(8)(c)(i) and for entry of default judgment. Rule G allows the Plaintiff to "move to strike a claim or answer for: failure to comply with Rule G(5) . . . or (B) because the claimant lacks standing." Fed. R. Civ. P. Supp. G(8)(c)(i).

To establish standing in a forfeiture action, a potential claimant must meet both Article III and statutory standing.[2] "Statutory standing is a threshold issue that determines whether a party is properly before the court." *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003). To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in 18 U.S.C. § 983(a)(4)(A) and Fed. R. Civ. P. Supp. G(5). Fed. R. Civ. P. Supp. G(5)(a)(i) states the requirements that must be included in a claim, while Rule G(5)(a)(ii) provides a deadline for filing a claim.

Here, Plaintiff argues that the Court should strike Claimant's answer because it is deficient under Fed. R. Civ. P. Supp. G(5) for three reasons: (1) Claimant's submissions are untimely; (2) the claim and answer were filed as a single document; and (3) Claimant improperly filed using an electronic signature. The Court addresses each argument in turn.

**A. TIMELINESS**

The parties disagree about two issues with respect to timeliness: (1) the appropriate deadline; and (2) whether the Court should grant leniency for missing the deadline.

**i.   The appropriate statutory deadline.**

Plaintiff argues potential claimants who have been sent direct notice have 35 days to respond. (Pl. Br. at 1, 3-4, 9-11); (D.E. No. 11, Reply Brief in Support of Plaintiff's Motion,

---

[2] Article III standing is not in dispute here.

("Pl. Rep. Br.") at 1). Claimant argues that the deadline for published notice grants 60 days for unknown potential claimants to respond. (D.E. No. 7, Opposition of Claimant Bradford Lee Carper to the Government's Motion, ("Cl. Opp.") at 6).

Publication is not required as long as direct notice is sent to all known potential claimants. Fed. R. Civ. P. Supp. G(5)(c). Fed. R. Civ. P. Supp. G(5)(a) states that a claim must be filed by the time stated in a direct notice sent as required under Fed. R. Civ. P. Supp. G(4)(b) to known potential claimants. Furthermore, Fed. R. Civ. P. Supp. G(4)(b)(ii)(B) provides that such time to file a claim must not be less than 35 days after notice is sent.

Here, Claimant is clearly a known potential claimant because he identified himself to the authorities at Newark Airport and the Defendant Currency was seized from him. (Compl. ¶¶ 2, 8). Furthermore, the U.S. Attorney sent notice on September 19, 2012. (Pl. Rep. Br., Ex. A). Claimant, as a known potential claimant, had 35 days from the date when the U.S. Attorney sent him notice to respond. Thus, the Court finds that Plaintiff's proffered deadline of October 24, 2012 is the appropriate standard to apply.

    **ii.**    **Whether the Court should grant leniency for late filing.**

Plaintiff argues that because Claimant filed late, he lacks statutory standing. (Pl. Br. at 1, 3-4, 9-11). Claimant argues that even though he filed late, he should be accorded statutory standing because Hurricane Sandy-related electronic court filing service outages affected his ability to electronically file documents. (Cl. Opp. at 6-7).

Of the various requirements for statutory standing, the Third Circuit has held that "[t]he most significant requirement is that the claimant must file a verified [claim]" adhering to the requirements of the Rule. *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007). The verified claim requirement promotes two important purposes. First, it forces

5

potential claimants to come forth in a *timely* fashion so that the court may hear all interests and resolve the matter without undue delay, and second, it guards against false claims by requiring claims to be verified. *Id.* at 664-65 (emphasis added). "For these reasons, the requirement 'is no mere procedural technicality.'" *Id.* at 665 (quoting *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004)). Thus, the Third Circuit has stated that district courts should require forfeiture claimants to "*strictly adhere* to the filing requirements."[3] *Id.* (emphasis added).

Here, Plaintiff sent direct notice on September 19, 2012 to Mr. Gerald M. Saluti, Esq., in his capacity as an agent of Claimant by certified mail. (D.E. No. 11, Pl. Rep. Br., Ex. A, Transmittal Letter & Return Receipt). The notice indicated a filing deadline of October 24, 2012. (*Id.*). Claimant filed his claim and answer on November 21, 2012. (D.E. No. 4). Thus, Claimant did not timely file a claim. By not timely filing, Claimant has not strictly adhered to the appropriate rules for filing a claim. Since he has not adhered to the appropriate rules for filing a claim, he lacks statutory standing. Thus, the Court holds that Claimant lacks statutory standing.

While this determination renders further inquiry unnecessary, the Court addresses the other issues raised by the parties for the sake of thoroughness.

### B. THE PROPRIETY OF FILING AN ANSWER AND CLAIM AS A SINGLE DOCUMENT

Plaintiff argues that Claimant's filing is deficient because it combines both a claim and answer as a single document. (Pl. Br. at 11). Claimant argues that his filing is sufficient because it is permissible to file a claim and answer as a single document. (Cl. Opp. at 3, 6).

---

[3] On the other hand, in a recent District of New Jersey case, Judge Martini wrote, "The Third Circuit has stated that district courts should require forfeiture claimants to strictly adhere to the filing requirements, but should not be so strict in interpreting those requirements that the outcome defies old-fashioned common sense." *United States v. $263,327.95*, 2013 WL 1285407, at *3 (D.N.J. Mar. 27, 2013) (internal quotations and citations omitted). The instant matter is distinguishable from *$263,327.95* because, in that case, the claim was timely filed and timeliness was not in dispute.

An answer alone may not substitute for a verified claim because both must be filed. *United States v. $140,000 in United States Currency*, No. 09-3516, 2010 WL 1704966, at *3 (D.N.J. Apr. 26, 2010). However, Fed. R. Civ. P. Supp. G(5) does not state that the answer and verified claim must be separated into two different documents. Thus, the Court holds that Claimant's filing was not deficient even though it combined the claim and answer as a single document because each was clearly labeled.

### C. ELECTRONIC SIGNATURE

Plaintiff argues that Claimant's filing is deficient because Claimant violated L. Civ. R. 5.2(12)(b) by improperly using an electronic signature. (Pl. Br. at 12). Claimant argues that his filing is sufficient because it contains a sworn statement. (Cl. Opp. at 3).

Fed. R. Civ. P. Supp. G(5)(a)(i)(C) requires a claimant's signature under penalty of perjury. Additionally, under Local Rule 5.2(12)(b), a document requiring the signature of a non-attorney "must be filed electronically by: (1) submitting a scanned document containing the necessary signature; or (2) in any other manner approved by the Court." L.Civ.R. 5.2.

Here, Claimant utilized the electronic signature, "s/ Brandon Lee Carper," (D.E. No. 5), in violation of Local Rule 5.2 because Claimant is a non-attorney who must personally sign the document. Therefore, the Court finds that Claimant failed to properly sign the claim.

### D. ENTRY OF DEFAULT

Plaintiff's motion for default judgment is premature, thus the Court construes it as a motion for entry of default. Fed. R. Civ. P. 55 requires entry of a default by the Clerk before a default judgment may be granted. The Court concludes that Plaintiff is entitled to an entry of default pursuant to Fed. R. Civ. P. 55(a). The Court therefore will direct the Clerk of the Court

to enter a default against the Defendant Currency. Once default has been entered, Plaintiff may file a motion for default judgment.

**V.     Conclusion**

For the foregoing reasons, the Court grants Plaintiff's motion to strike Claimant's answer and construes Plaintiff's motion to also request entry of default. The Court directs the Clerk to enter default against Defendant Currency.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**